UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEVE DUANE JOHNSON                                          PLAINTIFF

vs.                                          CIVIL ACTION NO. 3:17-CV-756-CRS

COMMONWEALTH OF KENTUCKY                                    DEFENDANTS
OFFICE OF THE GOVERNOR
ex rel. MATTHEW G. BEVIN, et al.

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Steve Duane Johnson, for an order allowing the filing of a first amended complaint (DN 44). The motion was filed on June 26, 2018, almost thirty days past the expiration of the time for plaintiff to join parties or amend pleadings. The motion was not accompanied by a memorandum. It is incumbent upon the movant to articulate good cause for the court to grant late filing. This point was brought to the attention of the plaintiff in defendants' response in opposition to the motion, yet the plaintiff has failed to file any reply to the motion and has not sought leave to belatedly file a memorandum of law in support of his motion to amend. The absence of a memorandum in support of the late filing of an amended complaint is grounds to deny the motion. *See* L.R. 7.1(a).

Johnson filed a motion to extend deadlines (DN 41) which has been ruled upon by separate order. In that order, the court withheld ruling on the request to extend the deadline for leave to amend the complaint, as the matter was the subject of the separate motion (DN 44) presently before the court.

In a motion to extend deadlines, Johnson sought an order to "allow the Plaintiff to amend his pleadings by July 15, 2018," (DN 41-3) stating only that he was "also requesting an extension of time because, now having received the latest round of discovery, only days ago, [Johnson]

intends to file a motion to amend his complaint, to include the following...[additional individuals and claims]." (DN 41, p. 2, PageID #259). In their response, the defendants noted that the plaintiff made a bald statement that "discovery" prompted the plaintiff's motion to seek the addition of new defendants and claims, but he did not identify such evidence and provided no argument to justify an extension. Johnson did not reply to that response. Denial of the extension would have been wholly justified based upon the failure to adequately establish any basis for the requested extension. However, we remanded the motion on that issue, and looked instead to the present motion seeking an order allowing the filing of a tendered amended complaint (DN 44). Again, however, there has been no ground offered to grant this motion.

Further, the plaintiff has failed to reply and controvert the defendants' arguments that:

(1) the claims against the individual defendants which Johnson seeks to add are time-barred. Johnson has failed to controvert the defendants' assertion that over one year passed from the date Johnson was placed on the SOR before he sought to add claims against individual defendants in their individual capacity, claims which do not relate back to the filing of the original complaint; and

(2) Johnson does not have standing to challenge the constitutionality of various provisions of KRS Chapter 17 which are embodied in the Kentucky Sex Offender Registrant Responsibilities. Johnson has failed to controvert the defendants' assertion that Johnson is not a registered sex offender, and he is not subject to the Registrant Responsibilities (despite the fact that Johnson contends that he continues to abide by the restrictions because he has not been specifically informed that he is no longer bound by them).[1]

---

[1] To the extent that these challenges to the constitutionality of various Chapter 17 provisions are reiterated in Johnson's second motion for preliminary injunction (DN 34), they will be resolved in similar fashion via a separate memorandum opinion and order addressed to that motion.

Johnson's challenges to the adequacy of the notice of his removal from the SOR, the propriety of the conditions of his probation and of the KOOL listing do not appear to be new, stand-alone claims, but rather appear to be part of his original claim that he was wrongfully registered as a sex offender on the Kentucky SOR for which he seeks further injunctive relief via a second motion for preliminary injunction.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion for leave to file an amended complaint (DN 44) is **DENIED.**

August 3, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

**IT IS SO ORDERED.**